UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CEDRIC THOMPSON,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-1016-CCB-SJF

WARNER, et al.,

    Defendants.

## **OPINION AND ORDER**

Cedric Thompson, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding against Officer Sierra Warner, DII Niles Wise, Officer Richelle Halsey, and Lieutenant Sonney Ornelas "in their personal capacity for money damages for failing to protect him from being attacked by other inmates in October 2024 in violation of the Eighth Amendment[.]" ECF 5 at 9. Second, he is proceeding against Sergeant Josh Graham and Officer Cooper Baldwin "in their personal capacity for money damages for failing to obtain medical care for him after the attack in violation of the Eighth Amendment[.]" *Id.* at 10. Third, he is proceeding against Warden Brian English "in his official capacity for injunctive relief related to the plaintiff's ongoing need for protection from other inmates at that facility[.]" *Id.* On July 10, 2025, the defendants filed a motion for summary judgment, arguing Thompson did not exhaust his available administrative remedies before filing this lawsuit. ECF 59. With the motion, the defendants provided Thompson the notice required by N.D. Ind.

L.R. 56-1(f). ECF 62. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago, but Thompson still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have

been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Thompson did not exhaust his available administrative remedies before filing this lawsuit because he never exhausted any grievance related to his claim against the defendants. ECF 60. Specifically, the defendants provide Thompson's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at MCF. ECF 60-1 at 1-2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 60-2 at 3. On October 16, 2024, Thompson filed a grievance complaining he was being threatened and assaulted by other inmates ("October 16

---

[1] Because Thompson has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

grievance"). ECF 60-5 at 1. For relief, Thompson requested he be placed in protective custody and given an emergency transfer. *Id.* The grievance office returned this grievance to Thompson, notifying him that "non-grievable issues" include "change in security level, facility transfers, and bed moves." *Id.* at 2; *see* ECF 60-2 at 4 (listing "change in security level" and "facility transfers" as matters inappropriate to the Offender Grievance Process). The "Return of Grievance" form informed Thompson he could revise and resubmit this grievance within five business days. ECF 60-5 at 2; ECF 60-2 at 10 (providing that, if the grievance office rejects and returns a grievance to an inmate, "It shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender."). If Thompson had revised his October 16 grievance to request appropriate relief and resubmitted the grievance, the grievance office would have accepted the grievance. ECF 60-1 at 7. However, Thompson never revised and resubmitted his October 16 grievance to the grievance office, which was a necessary step to exhaust the grievance. *Id.* Thompson did not submit any other grievance relevant to his claims against the defendants. *Id.* at 6.

    Here, the undisputed facts show Thompson still had administrative remedies available to him that he did not exhaust before filing this lawsuit. Specifically, it is undisputed the grievance office returned Thompson's October 16 grievance to him because he requested a change in security level or a facility transfer, which are matters inappropriate to the Offender Grievance Process. Thompson was informed that he

4

could revise and resubmit his October 16 grievance within five business days to remedy those deficiencies, but he did not do so. Thus, the undisputed facts show Thompson had an available remedy to revise and resubmit his October 16 grievance which he did not exhaust before filing this lawsuit. Thompson did not respond to the summary judgment motion, and does not argue his October 16 grievance was wrongly rejected or his administrative remedies were in any way unavailable. Therefore, because the defendants have met their burden to show Thompson did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 59); and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Cedric Thompson and to close this case.

SO ORDERED on November 10, 2025.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT